LeRoy PARSONS et al., Appellants,

v.

Mrs. Ida BARCLAY et al., Appellees.

No. 6254.

Court of Civil Appeals of Texas.

Beaumont.

Feb. 26, 1959.

Keith, Mehaffy, McNicholas & Weber, Beaumont, for appellants.

Adams & Browne, Beaumont, for appellees.

ANDERSON, Chief Justice.

The appeal is from orders of the district court of Jefferson County, 136th Judicial District, overruling pleas of privilege. Four separate suits and four separate orders are involved, but all parties stipulated in the trial court that the causes should be consolidated for the limited purposes of hearing and disposing of the pleas of privilege and of appealing from orders disposing of the pleas. The suits bore these numbers on the docket of the trial court: A–71559, A–71562, B–71560, D–71561. They are damage suits which arose out of a collision between motor vehicles. The collision occurred on a public highway in Jefferson County. Three vehicles figured in it. Mrs. LeRoy Parsons was driving one of the vehicles, a Ford sedan, and Mrs. James R. Jackson was driving another, a Chevrolet station wagon. They, together with their husbands, are the defendants in each suit. Such of the plaintiffs as were themselves injured occupied the third car a Cadillac. All of the defendants filed pleas of privilege, but Mr. and Mrs. Parsons waived theirs. The Jacksons, residents of Chambers County, insisted upon theirs and are the appellants. Each of their pleas of privilege was duly controverted, it being represented that negligence on the part of Mrs. Jackson, occurring in the county of suit, was a proximate cause of the collision and of the injuries the plaintiffs sustained, and that the suits are therefore maintainable in said county, under subdivision 9a, Article 1995, Vernon's Texas Civil Statutes.

The occupants of all three vehicles were rather severely injured and were rendered unconscious in the collision. As a result, they were unable to recount with certainty just what happened. However, there was no material conflict in the testimony they gave. Mrs. Parsons and Mrs. Jackson were proceeding in the same direction, with Mrs. Jackson ahead. The automobile in which the plaintiffs were riding was going in the opposite direction. It was on its proper side of the center line of the highway as it approached the scene of the collision and when the collision occurred. The Jackson vehicle suddenly swerved into the path of plaintiffs' vehicle as the two vehicles were about to pass each other. Until that time, Mrs. Jackson had apparently been driving in an acceptable manner. A defense theory is that the vehicle Mrs. Parsons was driving struck the rear end of the one Mrs. Jackson was driving, and thereby caused the latter to cross the center line of the highway and into the path of plaintiffs' vehicle. None of the witnesses, however, so testified. The nearest any of them came to doing so was to say that Mrs. Parsons started to pass the Jackson vehicle but then cut back sharply to her own right, behind the Jackson vehicle, and ran off the highway on her proper side of it. Mrs. Parsons was of the impression that her car did not strike the Jackson station wagon. She said that she was a hundred feet or more behind Mrs. Jackson when she could last recall, and she did not admit to having made any move to pass. But in each of their petitions, pertinent portions of which the defendants placed in evidence, the plaintiffs alleged that the Parsons vehicle struck the Jackson vehicle. Appellants now urge that such allegations should be treated as judicial admissions by the plaintiffs that the Parsons vehicle did in fact strike the Jackson vehicle before plaintiffs' automobile became involved. They then take the position that, because of such striking, the law will countenance no finding that Mrs. Jackson was negligent in permitting her car to cross the center line of the highway and enter the path of the automobile in which the plaintiffs were riding.

We do not agree with the latter contention. Assuming, therefore, that the general rule that litigants are bound by their pleadings is applicable in this instance, it does not necessarily follow that the trial court erred in overruling the pleas of privilege. The plaintiffs did not allege in their petitions that the Parsons vehicle

knocked the Jackson vehicle into the path of plaintiffs' automobile, or even that it caused the Jackson vehicle to cross the center line of the highway and enter the path of plaintiffs' automobile. Instead, they alleged that the front end of the Parsons vehicle struck the right rear of the Jackson vehicle and that the driver of the latter, "not having the same under proper control and giving sufficient attention to the circumstances then existing, caused the Jackson car to cut sharply to the left across the highway and immediately in front of" the automobile in which the plaintiffs were riding. Moreover, they specifically charged Mrs. Jackson with having been negligent in failing to keep a proper lookout, in failing to have her station wagon under proper control, and in allowing the station wagon to cut abruptly to the left and into the path of plaintiffs' automobile. There is not necessarily any inconsistency between the allegations of negligence on the part of Mrs. Jackson and the allegations that the Parsons car struck the Jackson car. In other words, Mrs. Jackson is not as a matter of law absolved of all negligence merely because there may have been some undisclosed degree of contact between her vehicle and the Parsons vehicle before Mrs. Jackson's vehicle crossed the center line of the highway. And on the record as made, we feel that the trial court was justified in resolving the fact questions as it did.

Appellants have cited a number of cases holding that driving on the wrong side of the road is not in every instance, and without regard to circumstances, negligence per se. But the cases do not hold that proof that an automobile has suddenly swerved to the wrong side of a highway and into the path of a vehicle approaching from the opposite direction is insufficient to raise a fact issue of negligence on the part of the driver of the offending vehicle.

The judgment of the trial court is affirmed.

McNEILL, J., disqualified and not participating.